NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JD BOLS; AMY MULLINS-BOYCHAK,

Plaintiffs-Appellants,

v.

GAVIN NEWSOM, in his official capacity as Governor of California; TOMAS ARAGON, M.D., Dr. P.H., in his official capacity as the Director of the California Department of Public Health and State Public Health Officer; WILMA J. WOOTEN, M.D. M.P.H. in her official capacity as Medical Officer for the County of San Diego; NATHAN FLETCHER; JIM DESMOND; JOEL ANDERSON; NORA VARGAS; TERRA LAWSON-REMER, in their official capacities as Members of the San Diego County Board of Supervisors; WILLIAM GORE, in his official capacity as San Diego Sheriff,

Defendants,

and

TODD GLORIA, In his official capacity as Mayor of San Diego,

Defendant-Appellee.

No.    22-56006

D.C. No.
3:20-cv-00873-BTM-BLM

MEMORANDUM[*]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Argued and Submitted January 12, 2024
Pasadena, California

Before:  BOGGS,[**] RAWLINSON, and H.A. THOMAS, Circuit Judges.

JD Bols appeals the district court's grant of summary judgment to the Mayor of San Diego (the Mayor) on his claims that the City of San Diego's moratorium on the eviction of commercial tenants during the COVID-19 pandemic (the Moratorium) violated the Constitution's Takings Clause and Obligation of Contracts Clause. We have jurisdiction under 28 U.S.C. § 1291. "We review de novo a district court's grant of summary judgment, considering the record in the light most favorable to the non-moving party." *G & G Closed Cir. Events, LLC v. Liu*, 45 F.4th 1113, 1115 (9th Cir. 2022). We affirm.

1. The Mayor argues that Bols lacks standing to sue under Article III of the Constitution because Bols likely could have evicted his tenants notwithstanding the Moratorium. Bols provided evidence, however, that he owns 99% of two LLCs that lost roughly $60,000 in rent during the pandemic. Additionally, Bols stated during his deposition that some of his tenants could not pay rent due to the

[**]    The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

2

pandemic, and that he believed that he could not evict them due to the Moratorium. Under our decision in *Iten v. Los Angeles*, 81 F.4th 979, 992 (9th Cir. 2023), these allegations are sufficient to establish Bols's Article III standing.[1]

2. The Mayor claims that he has legislative immunity from Bols's lawsuit. The Mayor, however, was sued only in his official capacity. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "[P]ersonal immunity defenses"— such as absolute legislative immunity—are therefore "unavailable" in "an official-capacity action . . . ." *Id.* at 166–67; *see also Schmidt v. Contra Costa County*, 693 F.3d 1122, 1131 n.10 (9th Cir. 2012).

3. The Mayor argues that Bols's claim under the Obligation of Contracts Clause is moot. Bols's requests for declaratory relief and injunctive relief were mooted by the expiration of the Moratorium. *See Brach v. Newsom*, 38 F.4th 6, 11 (9th Cir. 2022) (finding that claims for declaratory and injunctive relief against California's pandemic-related school-closure order were mooted by the expiration of the order). And Bols has not requested monetary damages in connection with his Obligation of Contracts claim. His claim under the Obligation of Contracts Clause

---

[1] The Mayor also argues that Bols lacks prudential standing under Federal Rule of Civil Procedure 17 because his LLCs are the real parties in interest. We need not reach this issue, however, because Bols's claims fail on the merits for the reasons given below. *G & G Closed Cir. Events, LLC*, 45 F.4th at 1117 (we may "affirm the district court on any grounds the record supports").

is therefore moot.

4. Bols argues that the Moratorium constitutes a per se physical taking under *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063 (2021). But the Supreme Court's holding there is not as broad as Bols suggests. In *Cedar Point Nursery*, the Court held only that "government-authorized *invasions* of property . . . are physical takings requiring just compensation." *Id.* at 2074 (emphasis added). The Moratorium does not constitute an "invasion" of property because it does not require commercial lessees to accommodate tenants other than those that they already voluntarily invited. *Cf. id.* at 2072. This case therefore bears more similarity to *Yee v. City of Escondido*, in which the Supreme Court held that a California rent-control ordinance applicable to mobile homes did not constitute a physical taking.[2] 503 U.S. 519, 526–32 (1992). Here, as in *Yee*, the government did not "require[] any physical invasion of . . . property," because the "tenants were invited by [the owners], not forced upon them by the government." *Id.* at 528. And any restriction on a landlord's ability to evict tenants was temporary. *Id.* (explaining that the owners retained the ability to evict tenants, "albeit with 6 or 12

---

[2] At oral argument, Bols's counsel asserted that the Moratorium also constituted a regulatory taking. Bols forfeited this argument, however, by failing to raise it in his briefs. *See Sabra v. Maricopa Cnty. Comm. Coll. Dist.*, 44 F.4th 867, 881 n.5 (9th Cir. 2022). Even were we to reach this argument, the factors set forth in *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104 (1978), would not support such a conclusion.

months notice," if they wished to "change the use of [their] land").

Bols also cites the Supreme Court's decision in *Alabama Ass'n of Realtors v. Department of Health and Human Services*, which invalidated the Centers for Disease Control's (CDC) eviction moratorium, for the proposition that eviction moratoria intrude on "the right to exclude." 141 S. Ct. 2485, 2489 (2021) (per curiam). But the Supreme Court did not hold that any intrusion on the right to exclude constituted a taking. *Id.* On the contrary, the Court reserved judgment on the constitutionality of the CDC's moratorium, invalidating it only because it exceeded the CDC's statutory authority. *Id.* at 2486. That decision therefore has no application here.

**AFFIRMED.**